IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| RUBEN SALAZAR | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 5:25-CV-0043 |
| | § | |
| THE GEO GROUP, INC., AND JOHN | § | |
| DOE | § | |
| *Defendant* | § | |

## NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES the GEO Group, Inc., Defendant in the above styled and numbered cause, and files this Notice of Removal. As grounds for removal, Defendant would show as follows:

1.     The GEO Group, Inc. is a Defendant in a civil action pending in the 341st Judicial District Court, Webb County, Texas, styled *Ruben Salazar v. The GEO Group, Inc. and John Doe*, Cause No. 2025CVF000519D3, which was filed in that court on March 7, 2025. The Plaintiff alleges he was injured when he slipped-and-fell at the Rio Grande Detention Facility on March 15, 2023, while Plaintiff was confined there. Plaintiff seeks between $250,000.00 and $1,000,000.00 in damages -- in excess of the minimum amount necessary for diversity jurisdiction.

2.     Removal is proper because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff alleges he is a resident and citizen of Texas. The GEO Group, Inc. is a citizen of the State of Florida, the state in which it is incorporated and in which it

has its principal place of business. Plaintiff alleges John Doe is a "resident citizen of the State of Texas." However, "the citizenship of defendants sued under fictitious names" shall be disregarded" for purposes of diversity jurisdiction. 28 U.S.C. § 1441(b)(1). Accordingly, removal is proper under 28 U.S.C. § 1441(b).

3.    Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings and the orders served upon Defendant in the state court proceeding. (Exhibit A).

4.    The action was commenced on March 7, 2025. Defendant was served on March 12, 2025. Defendant filed an answer in the state court on April 4, 2025.

5.    This notice of removal is timely under 28 U.S.C. § 1446(b) because this notice of removal is filed less than thirty (30) days after Defendant first accepted service of a copy of a paper from which it could first ascertain that the case is one which is or has become removable. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (Removal deadline runs from date of service); *City of Clarksdale v. BellSouth Telecomms., Inc*., 428 F.3d 206, 210 (5th Cir. 2005) (same).

6.    The district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties in that every properly joined and served defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff. Plaintiff is, and was at the time the suit was commenced, a citizen of the State of Texas. Defendant the GEO Group, Inc. is and was at the time the suit was commenced a citizen of a state other than the state of Texas, with its principal place of business in the State of Florida. The parties are completely diverse. Plaintiff's

petition, attached, asserts a claim against Defendant in excess of $75,000.00, exclusive of interest and costs; therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

7.      Venue is proper in the United States District Court, Southern District of Texas, Laredo Division, as the district and division embracing the place where the state action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

8.      Pursuant to 28 U.S.C. § 1446(d), Defendant intends to serve written notice of this removal upon all interested and adverse parties and upon the Clerk of the Court for the 341st Judicial District Court of the State of Texas, Webb County, Texas, promptly after filing this Notice of Removal.

WHEREFORE, PREMISES CONSIDERED, the GEO Group, Inc., a Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *Ruben Salazar v. The GEO Group, Inc. and John Doe*, Cause No. 2025CVF000519D3, from the 341st Judicial District Court, Webb County, Texas, to this Court on this 7th day of April, 2025.

Respectfully Submitted,

_____/s/ Shawn Fitzpatrick_____
Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 408-6793
*skf@fitzkoslaw.com*

Counsel for the GEO Group, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I certify service of this instrument on the person(s) listed below on this the 7th day of April, 2025, via the electronic filing and notification service required by this Court, and/or by email at the following addresses:

Ryan King/John Woods
Hagood & King, LLC
1520 E. Highway 6
Alvin, Texas 77511
firm@h-kfirm.com / john@h-kfirm.com



Notice of Removal
*Salazar v. GEO*
Page 4

# Exhibit A

## <u>INDEX OF MATTERS BEING FILED</u>

1.  Docket Sheet, 431st Judicial District Court, Webb County, Texas

2. Citation Directed to GEO Group, Inc. (all executed process in the case)

3. Plaintiff's Original Petition

4. GEO Group, Inc.'s Answer

5. List of Counsel of Record

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back      Location : All Courts   Help

# REGISTER OF ACTIONS
## CASE NO. 2025CVF000519D3

| RUBEN SALAZAR VS. THE GEO GROUP, INC.,JOHN DOE | § § § § § | | |
|---|---|---|---|
| | | Case Type: | **Injury or Damage - Other Injury or Damage (DC)** |
| | | Subtype: | **Other Injury or Damage (DC)** |
| | | Date Filed: | **03/07/2025** |
| | | Location: | **--341st District Court** |

---

### PARTY INFORMATION

| | | **Attorneys** |
|---|---|---|
| **Defendant** | **DOE, JOHN** | |
| **Defendant** | **THE GEO GROUP, INC.** | **SHAWN FITZPATRICK** <br> *Retained* <br> 2102078950(W) |
| **Plaintiff** | **SALAZAR, RUBEN** | **RYAN KING** <br> *Retained* <br> 281-331-5757(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/07/2025 | **Civil Case Filed (OCA)** |
| 03/07/2025 | **Original Petition** <br> *PLAINTIFFS ORIGINAL PETITION* |
| 03/11/2025 | **Calendar Call** <br> *CALENDAR CALL FAXED TO ATTORNEY RYAN KING (DGC)* |
| 03/11/2025 | **Citation-Issuance** <br> *(2) CITATIONS ISSUED AS TO THE GEO GROUP INC AND PLACED IN PRIVATE SERVER BOX (DGC)* |
| 03/11/2025 | **Citation** |

| | | | |
|---|---|---|---|
| | THE GEO GROUP, INC. | Served | 03/12/2025 |
| | | Returned | 03/24/2025 |

| | |
|---|---|
| 03/11/2025 | **Citation-Issuance** <br> *NO CITATIONS ISSUED AS TO JOHN DOE AT THIS TIME (DGC)* |
| 03/24/2025 | **Affidavit Of Service** <br> *AFFIDAVIT OF SERVICE FOR DEFENDANT THE GEO GROUP, INC. BY SERVING MARIA NEWMAN, OFFICE MANAGER. DATE OF SERVICE: 03/12/2025.* |
| 04/04/2025 | **Answer-Defendant** <br> *THE GEO GROUP, INC.'S ORIGINAL ANSWER* |
| 05/12/2025 | **Calendar Call** (1:30 PM) (Judicial Officer Palomo, Beckie) |



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

The GEO Group, Inc.                                                          March 13, 2025
Joseph  Negron SVP & General Counsel
The GEO Group, Inc.
4955 Technology Way
Boca Raton FL 33431

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2025-146

| | | |
|---|---|---|
| 1. | **Entity Served:** | The GEO Group, Inc. |
| 2. | **Title of Action:** | Ruben Salazar vs. The Geo Group, Inc. and John Doe |
| 3. | **Document(s) Served:** | Citation<br>Plaintiff's Original Petition |
| 4. | **Court/Agency:** | Webb County 341st District Court, Texas |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | 2025CVF000519D3 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 03/12/2025 |
| 10. | **Date to Client:** | Thursday 03/13/2025 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes    CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Ryan King<br>Alvin, TX<br>281-331-5757 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**SERVE**
2025CVF000519D3

CITATION

**DELIVERED**
3 / 12 / 2025
BY: SS PSC: 10437
ATX Process, LLC

**THE STATE OF TEXAS**
**COUNTY OF WEBB**

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG"

TO:    THE GEO GROUP, INC.
       BY SERVING ITS REGISTERED AGENT:
       CORPORATE CREATIONS NETWORK INC
       5444 WESTHEIMER # 1000
       HOUSTON TX  77056

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341st District Court of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a Copy of which accompanies this Citation, in the Cause #: 2025CVF000519D3, styled:

RUBEN SALAZAR, PLAINTIFF
VS.
THE GEO GROUP, INC.; JOHN DOE, DEFENDANTS

Said Plaintiff's Petition was filed on 03/07/2025 in said court by:

RYAN KING, ATTORNEY FOR PLAINTIFF
1520 E HIGHWAY 6
ALVIN TX  77511

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, on this the 11th day of March, 2025.



C L E R K   O F   C O U R T

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO TX 78042

BY: _Dyana Cuellar_ DEPUTY
Dyana Cuellar

2025CVF000519D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2025 at _____ O'CLOCK _____.M.  Executed    at _____, within the COUNTY of _____ at    _____ O'CLOCK _____.M.  on the _____ day of _____, 2025, by delivering to the within named **THE GEO GROUP, INC.,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually travelled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation   $ _____.

To certify which, witness my hand officially.

_____
SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
DEPUTY

**THE STATE OF TEXAS}**
**COUNTY OF WEBB    }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to
_____ on the
_____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES
_____

Filed
3/7/2025 3:43 PM
Esther Degollado
District Clerk
Webb District
Dyana Cuellar
2025CVF000519D3

NO. 2025CVF000519D3

| | | |
|---|---|---|
| RUBEN SALAZAR | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| VS. | § | WEBB COUNTY, TEXAS |
| | § | |
| THE GEO GROUP, INC. | § | |
| AND JOHN DOE | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Ruben Salazar, hereinafter referred to as Plaintiff, complaining of The GEO Group, Inc. and John Doe, hereinafter referred to as Defendants, and for cause of action your Plaintiff would respectfully show the Court as follows:

1.    Discovery is intended to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

2.    Plaintiff is a resident and citizen of Texas.

3.    Defendant, The GEO Group, Inc. ("GEO Group"), is a foreign for-profit corporation organized under the laws of Florida, authorized to conduct business in the State of Texas, doing business and maintaining agents in the State of Texas, and may be served with citation by serving its registered agent for service: Corporate Creations Network, Inc., 5444 Westheimer #1000, Houston, Harris County, Texas 77056.

4.    Defendant, John Doe, is an individual. Upon information and belief, he/she is a resident citizen of the State of Texas. This Defendant's identity and whereabouts are unknown at this time, but Plaintiff intends to amend his petition and serve this Defendant with citation and process once his/her identity is established.

5.    This Court has jurisdiction over this case because this cause of action is for negligence and the subject matter of this lawsuit and the amount in controversy are all within the jurisdictional limits of this Court. Further, venue is proper in this Court because all or a substantial portion of the acts or events giving rise to the cause of action and the acts and/or omissions of negligence that proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff occurred within the territorial limits of Webb County, Texas.

6.    It has become necessary for your Plaintiff to file this lawsuit to recover compensatory damages for personal injuries sustained on or about March 15, 2023, at the Defendant's, The GEO Group, Inc., business commonly referred to as "Rio Grande Detention Center" located at 1001 San Rio Blvd., Laredo, Texas 78046. It is alleged that the premises in question was possessed, owned, operated, managed and/or maintained by Defendant and Defendant controlled or had the right to control the premises in question at all relevant times. At the time and on the occasion in question, your Plaintiff was housed in the detention facility. Therefore, your Plaintiff was an invitee of The GEO Group, Inc. at the time and on the occasion in question. At all relevant times, the premises in question was owned, operated, controlled and/or maintained by Defendant, and Defendant had a duty, including a non-delegable duty, to use ordinary care in maintaining the premises in a safe condition by inspecting the premises and making it safe against any known or knowable defects or by giving warning of any such defects. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff.

However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

7.      At the time and on the occasion in question, Plaintiff encountered a defect in the Defendant's premises in the form of a wet, slippery substance on the premises floor that was a dangerous hazard and that, under the circumstances at issue, posed an unreasonable risk of harm. Defendant John Doe placed the slippery substance on the floor. As a result of this defect, Plaintiff slipped and fell causing bodily injuries that make the basis of this lawsuit. The defect encountered by Plaintiff on Defendant's premises was a dangerous hazard which proximately caused Plaintiff's injuries and damages. The presence of the defect on the floor constituted an unreasonable risk of harm of which the Defendants The GEO Group, Inc. and Doe—by and through their employees, agents and/or representatives all acting within the course and scope of their employment, agency and/or authority and/or in the furtherance of the business affairs of said Defendants—created, knew of or reasonably should have known of, and of which the Defendants failed to correct, failed to warn of, and otherwise failed to exercise reasonable care for the safety of the Plaintiff and others. These allegations are made without full knowledge of the events and conditions known by Defendants at this time. Plaintiff further alleges that the Defendants—by and through their employees, agents and/or representatives all acting within the course and scope of their employment, agency and/or authority and/or in the furtherance of the business affairs of said Defendants—created the defect; failed to remedy or adequately correct the defect; failed

Page 3

to adequately warn of same; failed to guard against same; failed to have an employee or other representative stationed in, located in or otherwise in or near the area in which the incident made the basis of this lawsuit occurred such that said person could properly watch and inspect the area and floor for conditions such as what Plaintiff encountered at the time of the incident made the basis of this lawsuit and remedy or warn of same; failed to provide the reasonable care to protect detainees and others from the known and unusually high risk their use of the area where this incident occurred; failed to conduct an adequate or timely inspection; failed to maintain the premises in a safe condition by properly inspecting, identifying, warning and/or remedying said defect that caused Plaintiff to slip and fall. Thus, the Defendants—by and through their employees, agents and/or representatives all acting within the course and scope of their employment, agency and/or authority and/or in the furtherance of the business affairs of said Defendants—were negligent, the Defendants did not exercise reasonable care to reduce or eliminate the subject risk of danger encountered by Plaintiff and this proximately caused the incident in question and the injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

8.    Plaintiff further alleges that Defendants had a duty, including a non-delegable duty, to use ordinary care in maintaining the premises in a safe condition by

inspecting the property and making it safe against any known or knowable defects or giving warning of any such defects. Defendants—by and through their employees, agents and/or representatives all acting within the course and scope of their employment, agency and/or authority and/or in the furtherance of the business affairs of said Defendants—failed in their duties and was negligent. All of the acts and/or omissions alleged herein constitute negligence as that term is known in law and same proximately caused the occurrence in question and injuries and damages sustained by your Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

      9.     Plaintiff further alleges that, at the time and on the occasion in question, he was injured as a result of a condition and mode of operation/course of conduct by or on behalf of the Defendants that posed an unreasonable risk of harm of which the Defendants—by and through their employees, agents and/or representatives all acting within the course and scope of their employment, agency and/or authority and/or in the furtherance of the business affairs of said Defendants—created or had actual or constructive knowledge and did not exercise reasonable care to reduce or eliminate that risk by correcting or warning of same and such negligence proximately caused Plaintiff's injuries and damages. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not

Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

10.    Plaintiff alleges that Defendant The GEO Group, Inc. committed acts and/or omissions of negligence by failing to properly or reasonably train its employees, including but not limited to, Defendant Doe, concerning the use of equipment and/or supplies used in their job, the safe use of the type of substance that Plaintiff encountered, and/or how to properly inspect or otherwise ensure it was safe to use the type of substance that Plaintiff encountered, and/or how to eliminate or warn against the hazards of applying such substance on the subject floor before doing so. Such negligence and negligent training and supervision, singularly or in combination, and as the evidence will reveal, were a proximate cause of the incident in question and the injuries and damages suffered by Plaintiff. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

11.    At the time and on the occasion in question, Plaintiff encountered a defect in the condition of Defendant The GEO Group, Inc.'s premises in the form of Defendant, The GEO Group's employees' use and movement of equipment and/or supplies around visitors without adequate safeguards in place in the area where the occurrence took place, which posed unreasonable risk of harm. Further, Plaintiff encountered a defect in

the condition of Defendant The GEO Group, Inc.'s premises in the form of a slippery substance without adequate warning to visitors and in the form of Defendant The GEO Group, Inc.'s employees use of equipment and/or supplies.   As a result of these defects, Plaintiff slipped and fell, causing the injuries and damages that make the basis of this lawsuit. The presence of such defects constituted an unreasonable risk of harm  which the Defendant The GEO Group, Inc., its agents, servants and/or employees acting within the course and scope of their employment created, knew about or, in the alternative, should have known about, and of which the Defendant The GEO Group, Inc. failed to correct, failed to warn about, and otherwise failed to exercise reasonable care for the safety of your Plaintiff and other persons. Plaintiff further alleges that the Defendant The GEO Group, Inc., its agents, servants and/or employees acting within the course and scope of their employment: failed to correct the defect; failed to warn of same; failed to guard against same; failed to have an employee or other representative stationed in, located in or otherwise in or near the area in which the incident made the basis of this lawsuit occurred such that said person could properly watch and inspect the area for invitees and eliminate or reduce the risk of such conditions as what Plaintiff encountered at the time of the incident in question; failed to provide the reasonable care to protect persons from the known and unusually high risk accompanying the use and movement of equipment and/or supplies around persons on the premises; failed to provide reasonable care to protect persons on the premises from the known and unusually high risk accompanying the use of supplies in close proximity to an area used by invitees and therefore invited or directly encouraged its invitees to frequent; failed to properly inspect

Page 7

the area before and during the use and movement of the equipment and/or supplies; failed to maintain the premises in a safe condition by properly inspecting, identifying, warning and/or remedying said conditions which Plaintiff encountered; failed to properly protect or separate traffic from the area used by invitees; and otherwise failed to exercise reasonable care for the safety of the Plaintiff and other invitees by authorizing or allowing employees to use the subject equipment and/or supplies without proper training, instruction or supervision. Plaintiff further alleges that the Defendant The GEO Group, Inc. had actual or constructive knowledge of the condition of the premises defects described above, which occurred at the Defendant The GEO Group, Inc's premises. Additionally, Defendant The GEO Group, Inc. had a duty, including a non-delegable duty, to use ordinary care in maintaining the premises in a safe condition by inspecting the premises and making it safe against any known or knowable defects or giving warning of such defects. Defendant The GEO Group, Inc., by and through its agents, servants and/or employees acting within the course and scope of their employment, failed in their duties and were therefore negligent. All of the above-enumerated acts and/or omissions, singularly or in combination, constitute negligence as that term is known in law and same proximately caused the occurrence in question and the injuries and damages sustained by your Plaintiff.

    12.    Plaintiff further alleges that, at the time and on the occasion in question, Plaintiff was injured as a result of a condition and mode of operation/course of conduct on behalf of the Defendant The GEO Group, Inc. that posed an unreasonable risk of harm which the Defendant The GEO Group, Inc., its agents, servants and/or employees

acting within the course and scope of their employment had actual or constructive knowledge and did not exercise reasonable care to reduce or eliminate that risk by correcting or warning of same and such negligent failure proximately caused Plaintiff's injuries and damages. In particular, Defendant The GEO Group, Inc. chose, decided, mandated and was otherwise responsible for the course of conduct and method of operation incident to the management of its premises and the areas of its premises used and available to be used by invitees and/or guests. Defendant The GEO Group, Inc. chose, decided, mandated and was otherwise responsible: (1) for the inspection of the areas of its premises used and available to be used by invitees; (2) for the development, existence, substance and applicability of accident prevention policies and hazard assessments applicable to the areas of its premises used and available to be used by invitees; (3) for the implementation or use of barricades, personnel, signs, flags, alarms, lights, cones or other warnings to alert or notify invitees or guests of the dangerous hazard and condition created by the wet slippery substance on the floor around invitees or guests; (4) for what education, training and supervision, if any, it would provide to, recommend or require for employees of the premises related to the inspection of areas of its premises used and available to be used by invitees or guests prior to and during the use of the equipment and/or supplies and identifying hazards in those areas associated with such use; (5) for what education, training and supervision, if any, it would provide to, recommend or require for employees of the premises related to the use of the equipment and/or supplies; and/or (6) for using and/or applying the wet slippery substance directly in the area used by invitees or guests. In this connection, Defendant

Page 9

The GEO Group, Inc.'s mode of operation/course of conduct was negligent and such negligence proximately caused in the incident in question and Plaintiff's injuries and damages. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

13.    Plaintiff alleges that the Defendants The GEO Group, Inc. and Doe were acting within the course and scope of their employment and in the furtherance of the business affairs of the Defendant, The GEO Group, Inc., at the time of and in relation to the occurrence in question. Defendant Doe, therefore, was an employee of the Defendant The GEO Group, Inc. at the time of the occurrence in question. Thus, based upon the legal theory of vicarious liability and *respondeat superior*, Defendant The GEO Group, Inc. is responsible and liable to your Plaintiff for the acts and/or omissions of negligence of Defendant Doe, which proximately caused the occurrence in question and Plaintiff's injuries and damages.    Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

14.    Additionally, at all relevant times, Defendant Doe owed independent duties of care to Plaintiff—separate and apart from any duties they owed as employees or duties owed by his employer—including but not limited to a duty to exercise reasonable care to avoid foreseeable injury to others, a duty to prevent injury to others when Defendant Doe knowingly created a dangerous condition, and a duty to use reasonable care while using equipment and/or supplies around invitees or guests. At the time and on the occasion in question, Defendant Doe created an unreasonably dangerous condition through the manner in which he used the equipment and/or supplies and he breached the duties of care owed to Plaintiff. Defendant Doe committed acts and/or omissions of negligence that proximately caused the occurrence in question and Plaintiff's injuries and damages. The acts and/or omissions are, singularly and/or in combination, as follows:

   a.    Failure to keep a proper lookout;

   b.    Failure to properly use and/or apply supplies directly in the area used by invitees or guests;

   c.    Failure to properly inspect or otherwise ensure it was safe for invitees or guests to use the subject area; and/or

   d.    Otherwise failing to act as a reasonably prudent person as the evidence will reveal.

Such acts and/or omissions constitute negligence, and such negligence, singularly or in combination, as applicable and as the evidence will reveal, proximately caused the occurrence in question and Plaintiff's injuries and damages. Specifically, but for the acts and/or omissions of Defendant Doe, the occurrence in question and Plaintiff's injuries

and damages would not have occurred, and it was reasonably foreseeable that the same or similar events would occur as a result of the acts and/or omissions of Defendant Doe. Discovery is at its infancy in this case. Further information and evidence on these issues are, at this time, within the knowledge of Defendants and not Plaintiff. However, this information can and will be obtained through legal discovery efforts that may possibly require additional or different allegations. Plaintiff reserves the right to amend and/or supplement as allowed by the Texas Rules of Civil Procedure.

15.     As a direct and proximate result of the negligence of the Defendants referenced above, your Plaintiff, Ruben Salazar, sustained the following injuries and damages in the past and, in reasonable probability, will continue to sustain these damages in the future on a permanent basis: physical pain, mental anguish, physical impairment, disfigurement, loss of earning capacity and reasonable and necessary medical and hospital expenses. Plaintiff, Ruben Salazar, sues for these damages in an amount in excess of the minimum jurisdictional limits of the Court, over $250,000.00 but not more than $1,000,000.00.

16.     Plaintiff also sues for pre-judgment and post-judgment interest on the items of damages allowed by law.

17.     Plaintiff demands a trial by jury on this case.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited in terms of law to appear and answer herein and that upon final hearing, Plaintiff does have of, from and against Defendants, jointly and severally, for his compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court, for pre-

Page 12

judgment and post-judgment interest, costs of court, trial by jury, and for such other and further relief, general and special, at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,
HAGOOD & KING, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281)331-5757
Fax: (281)331-1105
*E-Service Email: firm@h-kfirm.com


BY: ___/s/ Ryan King_____
RYAN KING
SBN 24073263
JOHN D. WOODS, JR.
SBN 24067950
Attorneys for Plaintiff

*E-SERVED DOCUMENTS ARE ONLY ACCEPTED AT THE ABOVE DESIGNATED E-SERVICE EMAIL ADDRESS. SERVICE ON ANY OTHER EMAIL ADDRESS WILL BE CONSIDERED INVALID.

MAR 1 2 2025

Filed
4/4/2025 10:47 AM
Esther Degollado
District Clerk
Webb District
Graciela Rosales
2025CVF000519D3

2025CVF000519D3

| | | |
|---|---|---|
| RUBEN SALAZAR | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 341st JUDICIAL DISTRICT |
| | § | |
| THE GEO GROUP, INC. AND JOHN | § | |
| DOE | § | |
| *Defendants* | § | WEBB COUNTY, TEXAS |

## THE GEO GROUP, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES The GEO Group, Inc., Defendant, and files this answer to *Plaintiffs' Original Petition* and would show:

1.      Defendant generally denies each and every material allegation contained in *Plaintiff's Original Petition* and demands strict proof thereof in accordance with the law and the Rules of Civil Procedure of the State of Texas.

2.      Defendant denies the allegations in the following paragraphs of *Plaintiff's Original Petition*:. 5 (jurisdiction), 6 (5th and 7th sentences), 7 (1st, 3d, 4th, 5th, 7th, 8th, and 10th sentences), 8 (1st, 2d and 4th sentences), 9 (1st and 3d sentences), 10 (1st, 2d and 4th sentences), 11, 12 (1st, 2d, 3d, 4th and 6th sentences), 13 (1st, 3rd and 5th sentences), and 14 (8th sentence)

3.      Defendant admits the allegations in the following paragraphs of *Plaintiff's Original Petition*: 3, 5 (venue), and 6 (2d and 3d sentences).

4.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 2, 4, 13 (2d sentence), 14 (1st – 6th sentences), of *Plaintiff's Original Petition*.

5.     Defendants contend the allegations in the following paragraphs of *Plaintiff's Original Petition* are matters concerning Plaintiff's motivations and state of mind, damages, or issues of law reserved for the Court and should be treated as denied: 1, 6 (1st, 6th, 8th, and 9th sentences), 7 (2d, 6th, 9th, 11th and 12th sentences), 8 (3d, 5th and 6th sentences), 9 (2d, 4th and 5th sentences), 10 (3d, 5th and 6th sentences), 12 (5th, 7th and 8th sentences), 13 (4th, 6th and 7th sentences), 14 (7th, 9th and 10th sentences), 15, 16, 17.

6.     Defendant denies that Plaintiff is entitled to any damages of any type, but in the alternative pleads any and all limitations and caps on damages that may apply to Plaintiff's causes of action. This assertion and pleading includes, but is not limited to, any and all caps, bars and limitations set forth under the Texas and federal constitutions and Tex. Civ.& Rem. Code §32.001-§32.003, §33.001-§33.004, §33.011-§33.017, §41.001-§41.013, §74.301-§74.303, §74.501-§74.507.

7.     Defendant denies that Plaintiff is entitled to future damages. However, to the extent that Plaintiff may recover future damages, Defendant asserts that any such damages must be reduced to present value.

8.     Defendant pleads that any claim for economic loss (including but not limited to, loss of earnings, earning capacity, medical expenses, contributions of a pecuniary

GEO's Orig. Answer
*Salazar v. GEO*
Page 2

value, inheritance, or other pecuniary losses) is governed by the limitations and provisions set forth in the Tex. Civ, Prac. & Rem. Code §18.091.

9.      Defendant pleads that medical or healthcare expenses and all other economic damages are limited to the amounts actually paid or incurred pursuant to the Tex. Civ. Prac. & Rem. Code §41.0105.

10.     Defendant pleads the affirmative defenses of assumption of the risk and contributory negligence. Defendant contends that any injuries Plaintiff suffered resulted from his own conduct and failure to exercise ordinary case and demands that the jury allocate Plaintiff's proportionate share of responsibility.

11.     Defendant denies the existence of any dangerous condition of property but contends that if any dangerous property condition was present, then it was open and obvious or otherwise known to the Plaintiff.

12.     Defendant denies that it failed to exercise ordinary care to protect Plaintiff from any dangerous property condition and pleads that it provided adequate warnings and made any condition reasonably safe.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by way of this suit and that Defendant go hence and recover its costs in defense of this cause, and for such further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,


_____
Shawn Fitzpatrick
SBN 00787474
FITZPATRICK & KOSANOVICH, P.C.
PO Box 831121
San Antonio, Texas  78283-1121
(210) 408-6793
skf@fitzkoslaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify service of a true and correct copy of this instrument on the following counsel on the 4th day of April, 2025 via the Court's electronic notice and filing system:

Ryan King
John Woods
Hagood & King, LLC
1520 E. Highway 6
Alvin, Texas 77511
firm@h-kfirm.com


_____
SHAWN FITZPATRICK


GEO's Orig. Answer
*Salazar v. GEO*
Page 4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shawn Fitzpatrick
Bar No. 00787474
skf@fitzkoslaw.com
Envelope ID: 99285409
Filing Code Description: Answer/Response
Filing Description: THE GEO GROUP, INC.'S ORIGINAL ANSWER
Status as of 4/4/2025 10:51 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan King | | firm@h-kfirm.com | 4/4/2025 10:47:15 AM | SENT |

## LIST OF COUNSEL OF RECORD

Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
(210) 408-6793
*skf@fitzkoslaw.com*

Counsel for the GEO Group, Inc.


Ryan King
John Woods
Hagood & King, LLC
1520 E. Highway 6
Alvin, Texas 77511
(281) 331-5757
*firm@h-kfirm.com / john@h-kfirm.com*

Counsel for Plaintiff Ruben Salazar

Certificate of Interested Persons